Fill in this information to identify your case:

Debtor 1 _____
        First Name        Middle Name        Last Name

Debtor 2    Kathleen Star Williams
(Spouse, if filing) First Name   Middle Name       Last Name

United States Bankruptcy Court for the:  Eastern  District of California

Case number   16-12006
(if known)

# Official Form 427
## Cover Sheet for Reaffirmation Agreement                                     12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

### Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?**
CAVALRY SPV I, LLC as assignee of Capital One, N.A./KAWASAKI
Name of the creditor

**2. How much is the debt?**
On the date that the bankruptcy case is filed   $ 1,365.36

To be paid under the reaffirmation agreement   $ 1,365.36

$ 50.00 per month for 28 months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**
Before the bankruptcy case was filed _____%

Under the reaffirmation agreement    0.0   %   ☒ Fixed rate
                                              ☐ Adjustable rate

**4. Does collateral secure the debt?**
☐ No
☒ Yes. Describe the collateral.   KAWASAKI

Current market value   $ 1365.36

**5. Does the creditor assert that the debt is nondischargeable?**
☐ No
☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.**

Income and expenses reported on Schedules I and J

6a. Combined monthly income from line 12 of Schedule I    $ 2,613.74

6b. Monthly expenses from line 22c of Schedule J    $ 2,606.90

6c. Monthly payments on all reaffirmed debts not listed on Schedule J    – $ 50.00

6d. Scheduled net monthly income    $ (43.16)
Subtract lines 6b and 6c from 6a.
If the total is less than 0, put the number in brackets.

Income and expenses stated on the reaffirmation agreement

6e. Monthly income from all sources after payroll deductions    $ 2,613.74

6f. Monthly expenses    – $ 2,606.90

6g. Monthly payments on all reaffirmed debts not included in monthly expenses    – $ 50.00

6h. Present net monthly income    $ (43.16)
Subtract lines 6f and 6g from 6e.
If the total is less than 0, put the number in brackets.

| Debtor 1 | Kathleen Star Williams | Case number (if known) 16-12006 |
|---|---|---|
| | First Name  Middle Name  Last Name | |

| 7. Are the income amounts on lines 6a and 6e different? | ☒ No<br>☐ Yes. Explain why they are different and complete line 10. _____ |
|---|---|

| 8. Are the expense amounts on lines 6b and 6f different? | ☒ No<br>☐ Yes. Explain why they are different and complete line 10. _____ |
|---|---|

| 9. Is the net monthly income in line 6h less than 0? | ☐ No<br>☒ Yes. A presumption of hardship arises (unless the creditor is a credit union).<br>Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses.<br>Complete line 10.<br>Debtor's son, who has possession of the motorcycle, has been and will continue to make the payments. If he cannot make the payments, I can do so instead of saving $50/mo. |
|---|---|

| 10. Debtor's certification about lines 7-9 | I certify that each explanation on lines 7-9 is true and correct. |
|---|---|
| If any answer on lines 7-9 is Yes, the debtor must sign here. | X _____    X /s/ Kathleen Star Williams |
| If all the answers on lines 7-9 are No, go to line 11. | Signature of Debtor 1          Signature of Debtor 2 (Spouse Only in a Joint Case) |

| 11. Did an attorney represent the debtor in negotiating the reaffirmation agreement? | ☐ No<br>☒ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?<br>☐ No<br>☒ Yes |
|---|---|

### Part 2: Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*.

X _____    Date 8/18/16
Signature                        MM/DD/YYYY

Printed Name: Jason L. Erwin
Authorized Rep for Creditor

Check one:
☐ Debtor or Debtor's Attorney
☒ Creditor or Creditor's Attorney

☒ Presumption of Undue Hardship
☐ No Presumption of Undue Hardship

*(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| In re<br>Kathleen Star Williams<br><br>Debtor(s). | Bankruptcy Case No.: 16-12006<br><br>DC No. *(See Local Rule 9014-1( c ))*: |
|---|---|
| Creditor Name and Address:<br><br>CAVALRY SPV I, LLC - KAWASAKI<br>C/O Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd. Suite 200<br>Tucson, AZ 85712 | Account No. *(last 4 digits only)* or Description of Collateral:<br><br>*******4500 |
| ☐ *[Check this box if]* Creditor is a credit union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act | Date agreement made: 8/12/2016 |
| Did an attorney represent the Debtor(s) in negotiating this agreement?    Yes ☒    No ☐ ||

### REAFFIRMATION AGREEMENT
*[Indicate all document(s) included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5)
☒ Part B: Reaffirmation Agreement
☒ Part C: Certification by Debtor's Attorney
☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval of Reaffirmation Agreement

*[NOTE: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. NOTE ALSO: If you complete Part E, you must prepare and file Form 240B, Order on Reaffirmation Agreement.]*

### PART A:  DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

**1. DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**

This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:                $ 1,365.36

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

   (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: ___0.0___ %.

   — And/Or —

   (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: ___0.0___ %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

   | $ | @ | % |
   |---|---|---|
   | $ | @ | % |
   | $ | @ | % |

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

   (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 0.0 ___ %.

   — And/Or —

   (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor:0.0___ %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

   | $ | @ | % |
   |---|---|---|
   | $ | @ | % |
   | $ | @ | % |

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

> The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| KAWASAKI | 1,365.36 |

*Optional*—*At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

## REPAYMENT SCHEDULE

Your first payment in the amount of $_____ is due on _____(date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

---*Or*---

Your payment schedule will be: ___28____(number) payments in the amount of $__50.00_____ each, payable (monthly, annually, weekly, etc.) on the ___20_____ (day) of each __month___ ( week, month, etc.), unless altered later by mutual agreement in writing. Payable to Bass & Associates. P.C. Beginning
11/20/16

---*Or*---

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

- ❶ Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

- ❷ Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

- ❸ If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

- ❹ If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

- ❺ The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

- ❻ <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

- ❼ If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT**

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

1. <u>What are your obligations if you reaffirm the debt?</u>

    A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

2. <u>Are you required to enter into a reaffirmation agreement by any law?</u>

    No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

3. <u>What if your creditor has a security interest or lien?</u>

    Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

    **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

## PART B: REAFFIRMATION AGREEMENT

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

    Revolving credit, granting a purchase money security interest in items purchased on this account.

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

    Interest rate reduced to (0) %.
    Payment provisions changed.

SIGNATURE(S):

Borrower:

Kathleen S. Williams
(Print Name)

_Kathleen S. Williams_
(Signature)

Date: 8/12/2016

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)

Date: _____

Accepted by creditor:

CAVALRY SPV I, LLC
(Printed Name of Creditor)

C/O Bass & Associates, P.C.
(Address of Creditor)

3936 E. Ft. Lowell Rd, Suite 200
(Address of Creditor)

Tucson, AZ 85712
(Address of Creditor)

_[signature]_
(Signature)

Jason L. Ervin
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance: 8/18/16

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*[To be filed only if the attorney represented the debtor in negotiating the reaffirmation agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☒ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _Raymond J. Isleib_

Signature of Debtor's Attorney: _Raymond J. Isleib_

Date: _8/12/2016_

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete numbered sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 AND your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship."]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $2,613.74, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $2,606.90, leaving $ (43.16) to make the required payments on this reaffirmed debt.

   I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the Court. However, this presumption may be overcome if I explain to the satisfaction of the Court how I can afford to make the payments here: My son, who has possession of the motorcycle, has been and will continue to make the payments. If he cannot make the payments, I can do so instead of  Use an additional page if needed for a full explanation.  saving $50/mo.

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

   Signed: _____
   (Debtor)

   _____
   (Joint Debtor, if any)

   Date: 8/12/2016

   — Or —
   *[If the creditor is a Credit Union and the debtor(s) is (are) represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the disclosure statement in Part A and a completed and signed reaffirmation agreement.

   Signed: _____
   (Debtor)

   _____
   (Joint Debtor, if any)

   Date: _____

## NOTICE OF TRANSFER AND RELEASE OF LIABILITY

TO PROPERLY RELEASE LIABILITY, PLEASE READ AND FOLLOW INSTRUCTIONS ON REVERSE
SECTIONS A-J MUST BE COMPLETED IN FULL
PRINT IN CAPITAL LETTERS – USE BLACK OR BLUE INK

MAIL THIS PORTION TO DMV-OR-FILE ONLINE AT dmv.ca.gov

A. NEW OWNER'S LAST NAME (OR) COMPANY NAME / FIRST
B. NEW OWNER'S ADDRESS / APT NUMBER
C. ODOMETER READING (NO TENTHS)
D. CITY / STATE / ZIP CODE
E. DATE OF SALE OR LEASE RETURN  MO. DAY YR
F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME / FIRST
G. SELLING PRICE (NO CENTS) WHOLE DOLLARS
H. SELLER'S OR LESSEE'S ADDRESS / APT NUMBER
I. SELLER'S OR LESSEE'S SIGNATURE  X
J. CITY / STATE / ZIP CODE

VEHICLE ID NUMBER: JKAVN2D137A012518
YR. MODEL: 2007  MAKE: KAWK
PLATE NUMBER: 18U1307

REG 138A (REV. 10/2012)

---

## STATE OF CALIFORNIA CERTIFICATE OF TITLE

U451607198A
MOTORCYCLE
VEHICLE ID NUMBER: JKAVN2D137A012518
YR MODEL: 2007  MAKE: KAWK  PLATE NUMBER: 18U1307
BODY TYPE MODEL: RS
FUEL: G
FEES PAID: NONE
EXPIRATION DATE: 03/18/2012
YR 1ST SOLD: 2007  CLASS: CF  MO: XU
ISSUE DATE: 07/19/10
MOTORCYCLE ENGINE NUMBER: VN900BE027357
ODOMETER DATE: 03/17/2007
ODOMETER READING: 1 MI
ACTUAL MILEAGE

REGISTERED OWNER(S):
WILLIAMS KATHLEEN S
E ALEXANDER AVE
MERCED CA 95340

I certify (or declare) under penalty of perjury under the laws of the State of California, that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. _____ DATE _____ X _____ SIGNATURE OF REGISTERED OWNER
1b. _____ DATE _____ X _____ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads _____ (no tenths) miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.
WARNING: ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE _____ TRANSFEROR/SELLER SIGNATURE(S) X _____
DATE _____ TRANSFEREE/BUYER SIGNATURE(S) X _____
PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY
PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

**IMPORTANT READ CAREFULLY**
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S):
HSBC BK NEVADA NA
PO BX 660070
SACRAMENTO CA 95866

2. X _____ Signature releases interest in vehicle. (Company names must be countersigned.)
Release Date _____

CA167108441
024502
REG 227ORS (REV 10/2012)

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW

**(To be sent to the Department of Motor Vehicles of applicable State)**



Capital One Retail Services
3800 Golf Road
Rolling Meadows, IL 60008

## NOTICE OF LIEN TRANSFER - DO NOT DESTROY

August 3, 2016

WILLIAMS, KATHY S
TOKAY CIR
WINTON, CA  95388-9358

YEAR: 2007
MAKE: KAWASAKI
MODEL: VN900D7FL
VIN: JKAVN2D137A012518

Account ending in: ****4034

To whom it may concern:

The above referenced account has been sold and the lien held by Capital One has been reassigned to THE BUREAUS INC. as of the date of this letter. This letter shall serve as verification of the lien being released to THE BUREAUS INC. and no further interest is now held by Capital One.

Sincerely,

*[signature]*
YVETTE HOUZELL
Titles Representative

Letter ID: TTLTRS1605687

State of Illinois
County of Cook

Signed and sworn to before me this **3rd** day of **August**, 2016 by YVETTE HOUZELL.

*[signature]* DEBRA WOOLFOLK
(Signature of Notary)
(Seal)

OFFICIAL SEAL
DEBRA WOOLFOLK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/17/17

© 2015 Capital One. Capital One is a federally registered service mark. All rights reserved.

LIMITED POWER OF ATTORNEY

HSBC Bank Nevada, National Association, formerly known as Household Bank (SB), N.A, a national banking association, having its principal office at 1111 Town Center Drive, Las Vegas NV 89144, Las Vegas, Nevada, and HSBC Retail Credit (USA) Inc., a New York corporation, having its principal office at One HSBC Center Buffalo NY 14203 (each, the "*Grantor*"), hereby appoint Capital One Services, LLC, a Delaware limited liability company ("*Capital One*"), serving on behalf of the issuer, Capital One N.A. and having its principal office at 15000 Capital One Drive, Richmond, VA 23238, as the true and lawful attorney with respect only to the actions described below, and hereby vests in Capital One the limited power and authority to take those actions described below:

1. To prepare, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file, in the Grantor's name, place and stead, all agreements, instruments, documents, assignments and certificates that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary for Capital One to (a) grant, receive, maintain, correct, perfect or release a security interest in each vehicle securing an Account (as defined in the Purchase and Assumption Agreement, dated as of August 10, 2011, as it may be amended from time to time (the "*Agreement*"), by and among HSBC Finance Corporation, HSBC USA, Inc., HSBC Technology and Services (USA), Inc. and Capital One Financial Corporation), purchased by Capital One or its applicable affiliate pursuant to the Agreement and the proceeds thereof in favor of Capital One or its applicable affiliate, (b) to exercise the rights of the Grantor with respect to each such vehicle and the proceeds thereof (including, without limitation, the right to repossess and dispose of any such vehicle), (c) to grant, sell, assign and transfer each related document to Capital One or its applicable affiliate, and (d) to generally do and perform all and any other act whatsoever as may be advisable, desirable, proper and/or necessary with respect to the authority granted in clauses (a) through (c) of this paragraph. The foregoing shall include, without limitation, the power and authority to make, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file Certificates of Title, financing statements, releases of lien, and similar documents with respect to each vehicle and all amendments and supplements thereto and to sign any assignments of the related documents to Capital One or its applicable affiliate, that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary, all in connection with, and consistent with the terms of the Agreement.

2. To prepare, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file, in the Grantor's name, place and stead, all agreements, instruments, documents, assignments and certificates that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary for Capital One to (a) grant, receive, maintain, correct, perfect or release a security interest in each vehicle securing an account for which a lien document is erroneously filed naming Grantor as the lienholder within 120 days of the date hereof by any dealer subject to a dealer agreement assigned to Capital One or any of its affiliates pursuant to the Agreement (each, a "*Dealer*") and the proceeds thereof in favor of Capital One or its applicable affiliate, (b) to exercise the rights of the Grantor with respect to each such vehicle and the proceeds thereof (including, without limitation, the right to repossess and dispose of any such vehicle), (c) to grant, sell, assign and transfer each related document to Capital One or its applicable affiliate, and (d) to generally do and perform all and any other act whatsoever as may be advisable, desirable, proper and/or necessary with respect to the authority granted in clauses (a) through (c) of this paragraph. The foregoing shall include, without limitation, the power and authority to make, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file Certificates of Title, financing statements, releases of lien and similar documents with respect to each vehicle and all amendments and supplements thereto and to sign any assignments of the related documents to Capital One or its applicable affiliate, that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary, all in connection with, and consistent with the terms of the Agreement.

3. To prepare, execute, deliver, endorse and negotiate in the name of the Grantor payment checks from dealers and customers in connection with each Account, as defined in the Agreement, purchased by Capital One or its applicable affiliate pursuant to the Agreement.

4. To prepare, execute, deliver, endorse and negotiate in the name of Grantor payment checks, money orders, or other instruments made payable to Grantor, received as payment with respect to each Account as defined in the Agreement purchased by Capital One or its applicable affiliate pursuant to the Agreement.

Capital One hereby agrees that, in connection with any exercise of the power and authority vested by paragraph 2 above, Capital One shall use its reasonable best efforts to promptly request that the applicable Dealer (i) thereafter correctly record Capital One or its applicable affiliate and not Grantor as the lienholder with respect to vehicles that are the subject of accounts owned by Capital One or its applicable affiliate and (ii) coordinate with the applicable account customer to execute new lien documentation so naming Capital One or its applicable affiliate and not Grantor as the lienholder.

The parties hereby agree that the granting of this Limited Power of Attorney shall not in any way alter the parties respective rights to indemnification provided for in Article 8 of the Agreement.

The Grantor does hereby ratify and confirm any and all things whatsoever that Capital One may do, subject to the limitations contained herein, by virtue hereof with respect to the powers and authorities granted hereby. This Limited Power of Attorney shall be deemed to have been executed under seal, to be coupled with an interest, and shall extend to any successor of the Grantor.

This Limited Power of Attorney shall commence on the date hereof and shall continue in full force and effect until each of the purchased Accounts assigned to Capital One or its applicable affiliate under the Agreement are fully paid or repurchased, at which time this Limited Power of Attorney shall terminate ("Termination"). Any third party may rely upon this document as Capital One's authority to continue to exercise the powers herein granted unless Termination has been recorded in the public records of the jurisdiction where this Limited Power of Attorney has been recorded, or unless a third party has received actual notice of Termination.

This Limited Power of Attorney shall be governed by and construed in accordance with New York law.

*[Signature Page Follows]*

IN WITNESS WHEREOF, Grantor has executed this Limited Power of Attorney effective as of the 1st day of May, 2012.

HSBC Bank Nevada, N.A.

By: _____
Name: Connie Momen
Title: Executive Vice President

STATE OF ILLINOIS )
                  ) SS
COUNTY OF LAKE    )

On this 1st day of May, 2012, before me, a Notary Public in the State of Illinois, personally appeared Connie Momen, to me personally known to be an officer of HSBC Bank Nevada, N.A., and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the entity named above his signature.

_____
Notary Public

[OFFICIAL SEAL
SPACE C ZAREMBA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 06/03/13]

HSBC Retail Credit (USA) Inc.

By: _____
Name: Eesh K. Bansal
Title: President

STATE OF NEW YORK )
                  ) SS
COUNTY OF _____ )

On this 30th day of April, 2012, before me, a Notary Public in the State of New York, personally appeared Eesh K. Bansal, to me personally known to be an officer of HSBC Retail Credit (USA) Inc., and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the entity named above his signature.

_____                                   [SEAL]
Notary Public

JANE H. KAUH
Notary Public, State of New York
No. 02KA6128152
Qualified in New York County
Commission Expires June 28, 20 13

CAPITAL ONE SERVICES, LLC

By: _____
Name: BRADLEY R. THAYER
Title: MANAGING VICE PRESIDENT
       CORPORATE DEVELOPMENT

STATE OF Virginia )
                  ) SS
COUNTY OF Fairfax )

On this 30th day of April, before me, a Notary Public in the State of Virginia, personally appeared [name], to me personally known to be an officer of [Capital One Entity], and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the entity named above his signature.

_____                                   [SEAL]

CHRISTINE A VAN HORN
NOTARY PUBLIC
REG. #307303
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JULY 31, 2013

Capital One Confidential/Proprietary